IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**RUSSELL E. MARTIN et al.,**

    **Plaintiffs,**

v.                                                                    1:07-cv-326-WSD

**CITY OF ATLANTA, GEORGIA
and DENNIS L. RUBIN,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Second Motion *in Limine* [238] and Defendants' Amended Motion *in Limine* [239].

**I.     BACKGROUND**

This is a civil rights and employment discrimination action brought under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964.  Plaintiffs are former white fire captains in the Atlanta Fire Rescue Department (the "Fire Department" or the "Department").  Defendants are the City of Atlanta and Dennis L. Rubin ("Rubin").  Rubin, at all relevant times, was the white Atlanta Fire Chief.

Plaintiffs allege that, in 2004 and 2006, they were denied promotions to the position of Section Chief or Battalion Chief because of their race.  Plaintiffs contend that Rubin, the decisionmaker in the promotion process, had a goal to

achieve racial diversity in the Department and promoted black candidates over Plaintiffs in order to achieve diversity.

On July 26, 2013, the parties filed their motions *in limine* seeking the exclusion of certain evidence.[1]

## II.  DISCUSSION

### A.  Defendants' Motion *in Limine*

Defendants move to exclude four (4) categories of evidence: (i) statements by Rubin regarding a desire to achieve or maintain "diversity" in the Department; (ii) testimony by non-party Anthony Davidson about previous allegations he made about race discrimination in the Department; (iii) statements by Rubin regarding the "Brothers Combined"; and (iv) statements by Rubin regarding the racial makeup of Department volunteers sent to New Orleans to provide Hurricane Katrina assistance.

#### 1.  *Statements Regarding "Diversity"*

Defendants first seek to exclude what they characterize as "ambiguous" statements regarding diversity made by Rubin. Defendants only cite one specific statement they seek to exclude. That statement is sought to be introduced by Plaintiff Michael Rice, a former Fire Department Captain. Rice testified during his

---

[1] The trial of this matter is scheduled to begin on August 19, 2013.

deposition that he attended an officers' class conducted by Rubin. At the class, Rubin presented detailed charts showing the racial and gender makeup of the Department. Rice is expected to testify at trial that Rubin commented during the meeting that the Department would maintain "rich diversity" throughout hiring and this diversity should "roughly mirror the image of the people it serves." (Rice Dep. [121] at 26–27.) Defendants argue that this statement, and other unidentified statements about "diversity," should not be admitted because the term "diversity" is ambiguous and thus is not relevant to Plaintiffs' race discrimination claims. Defendants also argue that the statement offered by Rice should not be admitted because it pertains to hiring, not promotions, the employment decisions at issue in this case.

      i.     Ambiguity of "Diversity"

Only relevant evidence is admissible at a trial. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed R. Evid. 401. Defendants argue that Rubin's statements regarding "diversity" are not relevant because "diversity" is an ambiguous term that does not necessarily refer to race. In other words, Defendants contend that Rubin's alleged statements regarding his desire to foster "diversity" do not show that Rubin

intended the statements to mean anything pertaining to race.  Defendants argue generally that statements in which "diversity" is not clearly intended to mean racial diversity are not relevant.

The Court agrees that "diversity" is a word that encompasses more than racial diversity.  See, e.g., Merriam-Webster's Collegiate Dictionary 366 (11th ed. 2003) (defining "diversity" as "the condition of being diverse," and defining "diverse" as "differing from one another").  For an alleged statement by Rubin regarding "diversity" to be relevant, the evidence of the statement must be accompanied by evidence that the particular statement referred to race, and not to some other characteristic.  See, e.g. Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 355–56 (6th Cir. 1998) (explaining that "isolated and ambiguous comments" are "irrelevant and prejudicial" in a discrimination case).

Rice's testimony sought to be introduced by Plaintiffs is that Rubin stated at an officers' meeting that the Department would, through hiring, maintain "rich diversity" that should "roughly mirror the image of the people it serves."  The statement was allegedly made after Rubin presented a class with charts showing the racial makeup of the Department.  The making of this "diversity" statement, during the same meeting at which Rubin presented data showing that racial diversity was being achieved through hiring, is sufficient to allow the jury to infer

4

that "diversity," as used in the statement, referred to racial diversity. The statement is not inadmissible based on ambiguity.[2]

        ii.        Relevance of Non-Promotion Statement

Defendants next argue that Rice's testimony is not admissible because Rice's statement pertains to hiring and not promotions. Plaintiffs argue that the statement is relevant and admissible as evidence of Rubin's intent to maintain racial balance generally within the Department. The Eleventh Circuit has made clear that "acts of discrimination by the same decisionmaker against other employees in the plaintiff's protected group" are "admissible under Fed. R. Evid. 404(b) because that evidence is probative of the decisionmaker's discriminatory

---

[2] In their response, Plaintiffs identified other "diversity" statements by Rubin that they may introduce at trial: Rubin's testimony that "diversity would be a plus" in promotion decisions; Plaintiff Gregory Shinkle's testimony that Rubin stated that he would "promote according to the diversity of the city"; and a memo from Rubin stating that the 2004 promotion process was designed, in part, to "protect[] the rich diversity" of the Department. The parties have not presented the Court with the context in which these "diversity" statements were made, and the Court is thus unable to determine whether the jury may reasonably infer that these statements refer to racial diversity. Under these circumstances, the Court requires, out of the presence of the jury, for Plaintiffs to proffer the full "diversity" statements they seek to offer in this case so the Court may determine their admissibility. Defendants' motion *in limine* on these statements is deferred.

5

intent."[3] Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1341 (11th Cir. 2011) (citing Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1286 (11th Cir. 2008)) (holding that evidence that manager fired non-supervisory employees based on race was admissible to show discriminatory intent in the manager's later firing of a supervisor); see also EEOC v. Alton Packaging Corp., 901 F.2d 920, 924 n.6 (11th Cir. 1990) (explaining that a decisionmaker's statement that, if it were his company, he would not hire any black people, was relevant in a promotion discrimination case because the statement indicated "a decidedly negative attitude toward black people" and "[t]here is no reason to think those attitudes differ from hiring to promotion").[4] Rice's testimony regarding Rubin's goal of seeking diversity in the Department's hiring is relevant and, to the extent it related to hiring, is admissible under Rule 404(b). See Smith, 644 F.3d at 1341. The

---

[3] Under Rule 404(b) of the Federal Rules of Evidence, evidence of "other acts" is generally admissible for purposes other than to show a person's character, including to prove "intent." Fed. R. Evid. 404(b)(2).

[4] Relying on Kincaid v. Board of Trustees, 188 F. App'x 810 (11th Cir. 2006), Defendants argue that evidence of a discriminatory hiring policy is not relevant to promotions of existing employees. In Kincaid, the court held that a non-decisionmaker's statements regarding hiring were not sufficient to show pretext with respect to a promotion decision, and plaintiff therefore could not withstand summary judgment. 188 F. App'x at 817. The court did not hold that the evidence was inadmissible and, in fact, noted that such statements "can be circumstantial evidence of pretext." Id.

testimony is, however, relevant only as to Rubin's intent in the promotion process, and a limiting instruction will be given when the Rice testimony is introduced.

### 2. *Testimony of Anthony Davidson*

Defendants next seek the exclusion of certain testimony by Anthony Davidson. Davidson, a white firefighter who is not a Plaintiff in this action, sued Defendants in a separate action (referred to by the parties as "the Hamm litigation") in which he also alleged race discrimination in promotion decisions made by Rubin. Davidson testified in his deposition that Rubin had orally offered him a promotion but later promoted a black firefighter and did not promote Davidson. When Davidson discussed with Rubin Rubin's decision not to promote him but to promote a black firefighter, Rubin told Davidson that Lynette Young, in the Mayor's office, told Rubin not to fill the position with a white person.

Defendants argue that Davidson's testimony is not relevant because it concerns a different position than the promotions at issue here. As discussed above, a decisionmaker's other acts of discrimination are relevant and admissible, under Rule 404(b), as evidence of intent or motive with respect to the employment action at issue.[5] See Smith, 644 F.3d at 1341. Davidson's testimony is admissible

---

[5] Relying on Denney v. City of Albany, 247 F.3d 1172 (11th Cir. 2001), Defendants argue that evidence from one discrimination case cannot be used in a different case. Denney does not support this proposition. In that case, the district

for the limited purpose of evaluating Rubin's intent in making the promotion decisions at issue in this case. A limiting instruction will also be given when Davidson's testimony is introduced.[6]

       3.    *Evidence Regarding "Brothers Combined"*

Defendants next seek the exclusion of "evidence regarding a professional group named Brothers Combined." (Defs.' Br. [239] at 7.) In support of this request, Defendants offer only that, "[a]t different times relevant to this lawsuit,

---

court granted the defendants summary judgment on the ground that the plaintiff's evidence of pretext, including that a defendant had been found to have discriminated in a prior case involving a different promotion, was not sufficient, including because of certain differences between the current and prior cases. Denney, 247 F.3d at 1189. The Eleventh Circuit noted that the differences between the cases "may not totally deprive the [prior case's] finding of its persuasive force as evidence of [the defendant's] intent to discriminate . . . ." Id. The court, however, affirmed the district court's finding that the differences were sufficient to deny the prior case substantial probative weight. Id. Denney concerns only the weight afforded to evidence from a prior case, not the admissibility of that evidence.

[6] In their response, Plaintiffs also identified testimony by Dennis Hamm, another plaintiff in the Hamm litigation, that they may seek to introduce at trial. Hamm testified that, after he was denied a promotion, he confronted Rubin and asked Rubin whether he was "up against a diversity issue." Rubin responded by pulling out a spreadsheet of racial statistics and stating, "If I have to explain diversity to you, you have no business being a chief." This alleged statement to Hamm is not an admission, or evidence, of a discriminatory act by Rubin. The Court finds that this statement is not admissible under Rule 404(b). The Court further finds that the statement is ambiguous and lacks a sufficient connection to the facts of this case. Accordingly, the Court finds that Hamm's statement is required to be excluded.

Plaintiffs have asserted that Brothers Combined was connected to Rubin, without providing support or documentation of their assertions." (Id.)  Defendants do not offer any explanation of the evidence they expect to be offered, including what "Brothers Combined" is, and they do not assert why the evidence should be excluded.[7]  The parties do not present to the Court the nature or purpose of any "Brothers Combined" evidence in this action.  The Court cannot now determine if this evidence, if offered, would be admissible and, if so, for what purpose.  Under these circumstances, the Court requires, out of the presence of the jury, for Plaintiffs to proffer the "Brothers Combined" evidence, if any, they seek to offer in this case and on what claim it is probative so the Court may determine its admissibility.  Defendants' motion *in limine* on this evidence is deferred.

---

[7] In their response brief, Plaintiffs identify one statement mentioning "Brothers Combined":

> Plaintiffs anticipate that the evidence will show that when the department set up a training class in the wake of a firefighter's death in 2006, Rubin told plaintiff Gregory Shinkle and Todd Edwards, "[Y]ou guys are both white. . . .  I can't have that because Brothers Combined would ring my neck if you guys were the only ones here."  He instructed Shinkle to "think of a black guy" to help teach the class.  Shinkle followed Rubin's directive and found a black firefighter to assist with the training classes.

(Pls.' Br. [242] at 5.)  The relevance of this statement is not self-evident, especially given the fact that neither party even explains the "Brothers Combined" organization.

9

4. *Evidence Regarding the Hurricane Katrina Response*

Defendants next seek the exclusion of "evidence that Chief Rubin made a statement to a firefighter during the hurricane Katrina emergency that African-American firefighters should be included in units sent to the relief from Atlanta." (Defs.' Br. [239] at 7.) Plaintiffs describe the evidence as follows:

> In August of 2005, the City of Atlanta Fire Department sent a contingent of volunteers to assist with relief efforts in the aftermath of Hurricane Katrina. Captain Michael Beckman and Chief Christopher Wessels were tasked with recruiting volunteers for the effort. Plaintiffs anticipate that the evidence will show that Rubin directed these employees to ensure that the volunteer groups were racially balanced. At the time, Rubin justified his instruction by stating that he had to "answer daily to the mayor concerning the racial makeup" of the Department. Rubin himself is expected to admit that he instructed his subordinates to bring racial balance to the group of volunteers.

(Pls.' Br. [242] at 4–5.)[8] Defendants argue that this evidence does not show intent and that it is "prejudicial and inflammatory."

If the evidence shows that Rubin insisted on racial balancing of the Hurricane Katrina team because of his need to "answer" to the Mayor regarding the Department's racial makeup, or otherwise to reflect the race percentage reflected in the Atlanta or some other relevant population, the evidence may be

---

[8] Neither party cited deposition testimony or other record evidence showing the exact statements at issue.

relevant as evidence of Rubin's intent or motive with respect to employment decisions generally.  See Fed. R. Evid. 404(b); Smith, 644 F.3d at 1341.[9]

Even if relevant, a court may exclude evidence "if its probative value is substantially outweighed by a danger of . . . undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The evidence to be offered is without the context necessary for the Court to determine if it is or is not admissible.  While the admissibility of this evidence is doubtful, before the Court is able to rule on it, Plaintiffs are required to proffer the evidence they seek to offer about the Katrina contingent.  Defendants' motion *in limine* on this evidence is deferred.

B.     Plaintiffs' Motion *in Limine*

Plaintiffs move to exclude four (4) categories of evidence: (i) evidence regarding consent decrees justifying hiring or promotions based on race; (ii) evidence regarding past racial discrimination against black people, including anecdotal evidence of the use of fire hoses on black people and that white people have an "entitlement" mentality; (iii) evidence that Rubin was required to keep

---

[9] The Court notes that, in the absence of evidence showing Rubin's "racial makeup" motivation for requesting that black firefighters be included in the group, the evidence likely would not be relevant.  Cf. Ercegovich, 154 F.3d at 355–56.  The Court's ruling on the admissibility of the evidence is thus limited to the statement being offered in conjunction with evidence of Rubin's motivation.

race and gender statistics of hires, promotions, and appointments because of government regulations; and (iv) evidence regarding Rubin's successful defense of the claims asserted against him in the Hamm litigation and other cases.

Defendants oppose only the exclusion of the Hamm litigation evidence, and only if Plaintiffs are permitted to call Hamm plaintiffs to testify. Accordingly, the Court grants Plaintiffs' motion to exclude the evidence of consent decrees, past racial discrimination against black people, and Rubin's government-mandated statistics.

Defendants argue that, if the Hamm plaintiffs testify regarding their alleged incidents of discrimination, Defendants should be able to cross-examine them on their unsuccessful efforts to litigate those incidents. Plaintiffs argue only that Defendants should be precluded from arguing that they should not be liable in this case *because* of the result in Hamm.

For Hamm plaintiff-witnesses allowed to testify, the Court agrees that cross-examining them on their unsuccessful litigation is appropriate because it is relevant to the witnesses' bias and prejudice. The Court further agrees that allowing Defendants to argue that their liability should be *based* on the outcome of the Hamm litigation is not appropriate. Accordingly, the Court will permit Defendants to cross-examine Hamm witnesses about the results of the litigation of their

discrimination claims, if the witnesses testify regarding the allegations they asserted in Hamm.  The Court will not permit Defendants to make any argument that their liability should be based on the outcome in the Hamm litigation.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Amended Motion *in Limine* [239] is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**, as discussed above.

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion *in Limine* [238] is **GRANTED IN PART** and **DENIED IN PART**, as discussed above.

**SO ORDERED** this 12th day of August, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE